## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

TODD LEE LEANY,  
    Trustee of the Todd Lee Leany  
    Irrevocable Trust,

              Plaintiff,

vs.

SAN DIEGO STEEL HOLDINGS GROUP, INC.,  
    *et al.*,

              Defendants.

Case No.  2:15-cv-01349-MMD-CWH

**ORDER**

       This matter is before the Court on the parties' Proposed Discovery Plan and Scheduling Order (doc. # 22), filed September 17, 2015.

       The Court has reviewed the proposed discovery plan and finds that it does not comply with Local Rule ("LR") 26-1(e)(1), which measures discovery "from the date the first defendant answers or otherwise appears." The first defendant in this case filed a petition for removal (doc. # 1) on July 15, 2015, which would result in a discovery cut-off deadline of January 11, 2016. However, the parties, in their proposed discovery plan, failed to state the date they measured the discovery cut-off deadline to erroneously conclude that the cut-off date is January 18, 2016. See Doc. # 22 at 2.

       Accordingly, **IT IS HEREBY ORDERED** that the parties' Proposed Discovery Plan and Scheduling Order (doc. # 22) is **denied**.

//

//

1    **IT IS FURTHER ORDERED** that the following dates shall govern discovery:

2    1.    Discovery cutoff                                          **January 11, 2016**

3    2.    Motions to amend pleadings and add parties                **October 13, 2015**

4    3.    Expert designations                                       **November 12, 2015**

5    4.    Rebuttal expert designations                              **December 14, 2015**

6    5.    Interim status report                                     **November 12, 2015**

7    6.    Dispositive motions                                       **February 10, 2016**

8    **IT IS FURTHER ORDERED** that any extension of the discovery deadline will not be allowed without a showing of **good cause** as to why all discovery was not completed within the time allotted. All motions or stipulations to extend discovery shall be received by the Court at least **twenty-one (21) days** prior to the date fixed for completion of discovery, at least **twenty-one (21) days** prior to the expiration of any extension thereof that may have been approved by the Court, or at least **twenty-one (21) days** prior to the expiration of the subject deadline. Any extension or modification of a discovery deadline or subject deadline not filed at least twenty-one (21) days prior to the date fixed for completion of discovery or the expiration of the subject deadline must be supported by a showing that the failure to act was the result of **excusable neglect**. The motion or stipulation shall include:

1.    A statement specifying the discovery completed by the parties as of the date of the motion or stipulation;

2.    A specific description of the discovery which remains to be completed;

3.    The reasons why such remaining discovery was not completed within the time limit of the existing discovery deadline; and

4.    A proposed schedule for the completion of all remaining discovery.

It is not good cause for a later request to extend discovery that the parties informally postponed discovery. No stipulations are effective until approved by the Court, and "[a]ny stipulation that would interfere with any time set for completion of discovery, for hearing of a motion, or for trial, may be made only with approval of the Court." See LR 7-1(b).

//

**IT IS FURTHER ORDERED** that if no dispositive motions have been filed within the time frame specified in this order, then the parties shall file a written, joint proposed Pretrial Order by **March 11, 2016.** If dispositive motions are filed, then the parties shall file a written, joint proposed Pretrial Order within 30 days of the date the Court enters a ruling on said dispositive motions.

DATED: September 18, 2015

_____
**C.W. Hoffman, Jr.**
**United States Magistrate Judge**