UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| TODD LEE LEANY, Trustee of the TODD LEE LEANY IRREVOCABLE TRUST,<br><br>Plaintiff,<br>v.<br>SAN DIEGO STEEL HOLDINGS GROUP, INC., a California corporation; DAVID PERKINS, Individually; ERIC B. BENSON, Individually; and DOES I through X, inclusive; and ROE CORPORATIONS I through X, inclusive,,<br><br>Defendants. | Case No. 2:15-cv-01349-MMD-CWH<br><br>ORDER<br><br>(Motions to Dismiss– dkt. nos. 14, 27) |

**I.   SUMMARY**

Before the Court are two motions to dismiss, one from defendant David Perkins ("Perkins") (dkt. no. 14), and one from defendant Eric Benson ("Benson") (dkt. no. 27.)[1] The Court has also reviewed Plaintiff's responses and Defendants' replies to these motions. (Dkt. nos. 16, 19, 29, 31.) For the reasons discussed below, Defendants' Motion is granted.

---

[1] The motions are identical. The Court will cite to the earlier motion throughout this order but its analysis applies to both motions. The Court will refer to both motions collectively as "Motion."

## II.   BACKGROUND

The following facts are taken from the Complaint. (Dkt. no. 1.)

Perkins and Benson are officers or directors of San Diego Steel Holdings Group ("SDSHG"). (*Id.* ¶ 3.) Plaintiff Todd Leany ("Leany") is a manager of Century Properties Henderson 18, LLC ("Century"). (*Id.* ¶ 5.)

Century owned real property in Henderson, NV ("the Property"), and agreed to either sell the Property to an entity called Gerdau, or convey the proceeds of the sale of the Property to Gerdau if the Property was sold to a third party. (*Id.* ¶ 6.) Century found a third party to buy the Property and negotiated a price and terms that Gerdau found acceptable. (*Id.* ¶ 7.) Before the closing, Gerdau assigned its rights to the proceeds from the sale to SDSHG. Defendants (on behalf of SDSHG) then contacted Leany and asked him to negotiate different terms with the potential buyer. (*Id.*) Defendants and Leany agreed that Leany would be paid a finder's fee for negotiating the new terms, and the fee would be 25% of the net proceeds from the transaction. This agreement was memorialized in an email from Defendants to Leany. (*Id.* ¶ 8.)[2] The property sold for $1,583,148.85, entitling Leany to a fee of $395,787.20 in addition to legal fees and costs associated with the sale. (*Id.* ¶ 11.)

Shortly after the Property sold, Defendants called Leany and informed him they had decided not to pay him the agreed upon 25% fee, but instead a sum of approximately $80,000, which was inclusive of any fees or costs. (*Id.* ¶ 13.)

Leany filed suit in Clark County District Court, asserting claims for breach of contract, breach of implied covenant of good faith and fair dealing, unjust enrichment, intentional interference with contractual relations, and declaratory relief. (*Id.* at 13-16.) Defendants removed the case to this Court based on diversity jurisdiction pursuant to 28 U.S.C. § 1332. (Dkt. no. 11.)

///
///

---

[2]Leany has attached a copy of this email to his Complaint. (Dkt. no. 1 at 18.)

## III. DISCUSSION

### A. 12(b)(6) Legal Standard

A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pleaded complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 US 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Thus, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss. First, a district court must accept as true all well-pleaded factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Id.* at 678-79. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Id.* at 678. Second, a district court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id.* at 679. A claim is facially plausible when the plaintiff's complaint alleges facts that allow a court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* at 678. Where the complaint fails to "permit the court to infer more than the mere possibility of misconduct, the complaint has alleged — but it has not 'shown' — 'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)) (alteration omitted). When the claims in a complaint have not crossed the line from conceivable to plausible, the complaint must be dismissed. *Twombly*, 550 U.S. at 570. A complaint must contain either direct or inferential allegations concerning "all the material elements necessary to sustain

3

recovery under some viable legal theory." *Id.* at 562 (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1984)).

**B.    Analysis**

**1.    Real Estate Broker Licensing**

Defendants' Motion is based on a simple proposition: Leany is asking for payment of a real estate broker's commission, but under Nevada law he cannot recover such a commission because he is not a licensed real estate broker. (Dkt. no. 14 at 4.) Because he has not alleged that he is a licensed broker, Defendants argue that Leany has failed to state a claim upon which relief can be granted. (*Id.* at 5.)

Leany argues that he falls under an exception to Nevada's laws requiring real estate brokers to be licensed because he was the owner of the Property being transferred. (Dkt. no. 16 at 10.) Defendants, in turn, argue that Leany's Complaint does not contain allegations that Leany owned the Property. (Dkt. no. 19 at 4.)

Nevada's regulatory scheme requires any person who "[s]ells, exchanges, options, purchases, rents or leases, or negotiates or offers, attempts or agrees to negotiate the sale, exchange, option, purchase, rental or lease of, or lists or solicits prospective purchasers . . . of, any real estate" to hold a real estate broker's license, if they engage in any of the listed activities for compensation. Nev. Rev. Stat. § 645.030(1)(a). One method of enforcing this licensing scheme is an explicit requirement that anyone commencing an action to recover compensation for the above listed acts must allege and prove that they hold a real estate broker license. Nev. Rev. Stat. § 645.270; *see also Davis v. Jouganatos*, 402 P.2d 985, 987 (Nev. 1965) ("[A] complaint seeking recovery of a real estate broker's commission which fails to allege that the plaintiff was licensed as a real estate broker or salesman does not state a cause of action.").

Leany is correct that there is a statutory carve out for owners and lessors of property who undertake certain actions which would otherwise require a real estate broker license. That carve out, however, does not apply to this situation (though not for

4

the reasons that Defendants suggest). Nev. Rev. Stat. § 645.240 clearly states that the term real estate broker does not apply to:

> Owner or lessor of property . . . who performs any of the acts mentioned in NRS 645.030, 645.040, 645.230 and 645.260, with respect to the property *in the regular course of or as an incident to the management of or investment in the property*. For the purposes of this subsection, "management" means activities which tend to preserve or increase the income from the property by preserving the physical desirability of the property or maintaining high standards of service to tenants. *The term does not include sales activities*.

*Id.* (emphasis added). All of the activities Leany alleges he engaged in were directly related to the sale of the property. (Dkt. no. 1 ¶¶ 8-9) Therefore he does not fall within the statutory exception in Nev. Rev. Stat. § 645.240.

Because Leany does not fall under any exception to the licensing requirement, he is barred from bringing any claim seeking compensation for any of the acts identified in Nev. Rev. Stat. § 635 *et seq*, unless he holds a real estate brokerage license. His Complaint does not allege that he holds such a license. Accordingly, Leany's first, second, fourth and fifth claims for relief fail. Defendants' Motion is granted on those counts.

### 2.   Unjust Enrichment

"Unjust enrichment exists when the plaintiff confers a benefit on the defendant, the defendant appreciates such benefit, and there is acceptance and retention by the defendant of such benefit under circumstances such that it would be inequitable for him to retain the benefit without payment of the value thereof." *Certified Fire Prot. Inc. v. Precision Constr.*, 283 P.3d 250, 257 (Nev. 2012) (quotations omitted).

Leany argues that even if the Court finds that he is barred from seeking recovery by Nev. Rev. Stat. § 645.270, he may still proceed under an unjust enrichment theory for any services he provided that do not fall under the real estate brokerage regulations. While he is correct in theory, the Complaint does not contain specific allegations of any such activities. Therefore the unjust enrichment count, as it currently exists, fails to state a claim.

### 3. Leave to Amend

Leany seeks leave to amend his complaint. (Dkt. no. 16 at 13.) The court should "freely give" leave to amend when there is no "undue delay, bad faith[,] dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of . . . the amendment, [or] futility of the amendment." Fed. R. Civ. P. 15(a); *Foman v. Davis*, 371 U.S. 178, 182 (1962). Generally, leave to amend is only denied when it is clear that the deficiencies of the complaint cannot be cured by amendment. *See DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992).

Leany suggests that he may be able to amend his Complaint to include claims related to an underlying partnership agreement. He may also be able to make specific allegations to support a claim for unjust enrichment. For these reasons, leave to amend is granted.

## IV. CONCLUSION

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of Defendants' Motions.

It is hereby ordered that Defendants' Motions to Dismiss (dkt. nos. 14, 27) are granted. Claims against Defendants David Perkins and David Benson are dismissed without prejudice.

It is further ordered that Plaintiff may file an amended complaint within fifteen (15) days. Failure to file an amended complaint will result in dismissal of the claims against Perkins and Benson with prejudice.

In light of the Court's decision to grant Plaintiff leave to amend, the Court is inclined to grant SDSHG's motion to amend (dkt. no. 38), although it is not fully briefed. The Court's decision may also affect the pending motion for summary judgement (dkt. no. 36), which is also not fully briefed. Accordingly, the parties are directed to meet and

confer and resolve potential issues presented by these two pending motions to avoid the need for the Court to resolve motions that may be rendered moot by this Order. The joint status report must also be filed within fifteen (15) days.

ENTERED THIS 24th day of March 2016.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE