UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| TODD LEE LEANY, Trustee of the TODD LEE LEANY IRREVOCABLE TRUST, *et. al.*,<br><br>Plaintiffs,<br>v.<br><br>SAN DIEGO STEEL HOLDINGS GROUP, INC., a California corporation; DAVID PERKINS, individually; ERIC B. BENSON, individually; and DOES I through X, inclusive; and ROE CORPORATIONS I through X, inclusive,<br><br>Defendants. | Case No. 2:15-cv-01349-MMD-CWH<br><br>ORDER |
| SAN DIEGO STEEL HOLDINGS GROUP, INC., a California corporation; DAVID PERKINS, individually; ERIC B. BENSON, individually,<br><br>Counterclaimants/Third Party Plaintiffs,<br>v.<br><br>TODD LEE LEANY, Trustee of the TODD LEE LEANY IRREVOCABLE TRUST; CENTURY PROPERTIES HENDERSON 18, LLC, a Nevada limited liability company, UINTAH LAND INVESTMENTS, LLC, a Limited Liability Company, DON F. AHERN and DFA, LLC, a Nevada Limited Liability Company,<br><br>Counter-Defendants and Third Party Defendants. | |

**I.      SUMMARY**

This case involved a dispute stemming from a purchase and sale agreement with claims resolved at the summary judgment stage and others resolved after a jury trial. Presently before the Court is Defendant David Perkins and Eric B. Benson's

("Defendants") motion for re-taxation of costs that the Clerk of the Court denied them and costs the Clerk separately awarded to Plaintiff Todd Lee Leany, Century Properties Henderson 18 LLC, and Uintah Land Development (*see* ECF Nos. 179, 180, 181) ("Motion"). (ECF No. 182.) For the reasons provided below, the Court grants the Motion.[1]

## II. BACKGROUND

The procedural history and background for this case is detailed at ECF No. 105 at 2–9 and ECF No. 178 at 2–3. The immediately relevant background is provided in the Clerk's Memorandum Regarding Taxation of Costs (ECF No. 179). The Court therefore does not repeat the background and history of the case here.

## III. DISCUSSION

Taxable costs are enumerated in 28 U.S.C. §1920. Federal Rule of Civil Procedure 54(d) creates a presumption that the prevailing party should be awarded its costs unless a federal statute, the Federal Rules of Civil Procedure, or a court order provides otherwise. *See* Fed. R. Civ. P. 54(d)(1). Further, recovery of costs is permissible under District of Nevada Civil Local Rule 54-4(a)(1). However, the Court retains discretion to refuse to award costs to the prevailing party provided the Court specifies its reasons for doing so, and refuses for a permissible reason. *See Ass'n of Mexican-Am. Educators v. State of California*, 231 F.3d 572, 591–92 (9th Cir. 2000).

Here, it appears that both parties have taken the position that neither side should be awarded costs, in the alternative to other requests. (ECF No. 161 at 3; ECF No. 182 at 5; ECF No. 185 at 4.) The Court concludes this position is most fair and reasonable—particularly because judgment has been separately entered in favor of both sides (*see* ECF Nos. 105, 152)—and will therefore, in its discretion, deny an award of costs to any party. *See, e.g.*, *Amarel v. Connell*,102 F.3d 1494, 1523 (9th Cir. 1996) ("In the event of a mixed judgment, however, it is within the discretion of a district court to require each party to bear its own costs."); *see also Fishgold v. Sullivan Drydock & Repair Corp.*, 328 U.S.

///

---

[1] The Court has also considered relevant response (ECF No. 185).

2

275, 284 (1946) (holding that allowance of costs is not a "rigid rule" and that courts "can direct otherwise" under the plain language of the Rule 54(d)). The Court will therefore grant the Motion to the extent it argues against an award of costs to any party and declines to specifically address Defendants' alternative contentions.

## IV. CONCLUSION

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the issues before the Court.

It is therefore ordered that Defendants' motion for re-taxation of costs (ECF No. 182) is granted to the extent Defendants argue against an award of costs to any party for the reasons provided herein.

It is further ordered that the Clerk's award of costs in the amount of $4,712.19 in favor of Todd Lee Leany, Century Properties Henderson 18 LLC, and Uintah Land Development and against San Diego Steel Holdings Group, Inc., Eric B. Benson, and David Perkins (ECF Nos. 179, 180) is vacated.

The Clerk is directed to issue a revised memorandum regarding taxation of costs consistent with this order.

DATED THIS 1st day of April 2020.

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE